An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNNY E. MCMAHON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60247

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.[1]

Appellant Johnny E. McMahon contends that the district court erred by denying his ineffective assistance of counsel claims. McMahon has the burden of proving that counsel's performance was deficient and resulted in prejudice. *See Means v. State,* 120 Nev. 1001, 1011-12, 103 P.3d 25, 31-33 (2004) (explaining the *Strickland* test for ineffective assistance of counsel). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden,* 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

---

[1]Appellant has filed a motion to remand to the district court so that he can supplement his post-conviction petition with newly discovered evidence. The district court has already resolved the petition and appellant must bring a new petition in the district court. Therefore, the motion is denied. We express no opinion as to whether appellant could overcome the applicable procedural default rules in NRS chapter 34.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17484

First, McMahon contended that trial counsel was ineffective because he failed to file a pretrial motion to sever the counts involving different victims. This court has already determined that these counts were properly joined because they were part of a common scheme or plan. *See McMahon v. State*, Docket No. 52071 (Order of Affirmance, October 16, 2009). Accordingly, we conclude that trial counsel was not ineffective for failing to file the pretrial motion and the district court did not err by denying this claim.

Second, McMahon contended that trial counsel was ineffective because he failed to challenge the State's flight instruction. We agree with the district court that there was sufficient evidence for a jury to reasonably infer flight. *See Carter v. State*, 121 Nev. 759, 770, 121 P.3d 592, 599 (2005) (explaining when it is proper to give a flight instruction). Accordingly, we conclude that trial counsel was not ineffective and the district court did not err by denying this claim.

Third, McMahon contended that trial counsel was ineffective because he failed to file a motion to dismiss the criminal complaint based on the absence of a probable cause determination within forty-eight hours. Our review of the record reveals that McMahon failed to establish by a preponderance of the evidence that a magistrate did not make a probable cause determination within forty-eight hours. *See Gerstein v. Pugh*, 420 U.S. 103, 120 (1975) (approving of informal modes of proof based on hearsay and written testimony); *see also Means*, 120 Nev. at 1012, 103 P.3d at 33 (explaining that petitioner must prove the factual allegations underlying his claim by a preponderance of the evidence). Furthermore, McMahon failed to establish resulting prejudice. *See Powell v. State*, 113 Nev. 41, 46, 930 P.2d 1123, 1126 (1997) (concluding that a *Gerstein*

violation may be harmless). Accordingly, we conclude that the district court did not err by denying this claim.

Fourth, McMahon contended that trial counsel was ineffective for failing to challenge prosecutorial misconduct. Because McMahon fails to make out a colorable claim of prosecutorial misconduct, we conclude that he failed to demonstrate that trial counsel was ineffective and the district court did not err by denying this claim.

Fifth, McMahon contended that trial counsel was ineffective for failing to challenge the consensual search of his residence because he did not secure the standard operating procedures for such a search or properly investigate the conduct of law enforcement. McMahon fails to explain how further investigation would have changed the outcome at trial. We conclude that the district court did not err by denying this claim because McMahon failed to establish deficiency or resulting prejudice with regard to this contention.

Sixth, McMahon contended that trial counsel was ineffective for failing to secure and present certain witnesses at trial. McMahon failed to satisfy his burden of proving that there was a reasonable probability that this testimony would have affected the outcome at trial. Accordingly, we conclude that the district court did not err by denying this claim.

Seventh, McMahon contended that trial and appellate counsel were ineffective for failing to challenge mischaracterizations by the State throughout the proceedings. These allegations were conclusory. We conclude that McMahon failed to establish counsel's deficiency or resulting prejudice in the proceedings below and the district court did not err by denying this claim.

Eighth, McMahon contended that appellate counsel was ineffective for failing to discuss his direct appeal with him. McMahon failed to explain what claims appellate counsel omitted and did not satisfy his burden of proving that any omitted issue would have a reasonable probability of success on appeal. *See Kirksey v. State,* 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Accordingly, we conclude that the district court did not err by denying this claim.

Ninth, McMahon contended that the cumulative effect of counsel's deficiencies resulted in prejudice. Because there was no deficiency to cumulate, we conclude that no relief is warranted.

Having considered McMahon's contentions and concluded that the district court did not err by denying his petition, we[2]

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]We have reviewed all documents that McMahon has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that McMahon has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance. *See Davis v. State,* 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means,* 120 Nev. at 1012-13, 103 P.3d at 33.

cc: Hon. David B. Barker, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk